**914**

### In re John M. WEIDNER and Susan C. Weidner, Debtors.

#### Bankruptcy No. 97–32535.

United States Bankruptcy Court,
N.D. Ohio.

Sept. 22, 1998.

Louis A. Breuer, Toledo, OH.

Anthony B. DiSalle, Toledo, OH, Chapter 13 Trustee.

Ralph J. Lewis, Toledo, OH.

Patrick Mullarkey, Chief, Civil Trial Section, Northern Region, Washington, D.C.

Karen A. Smith, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, D.C.

Emily J. Sweeney, U.S. Attorney, Northern District of Ohio, Toledo, OH.

Dennis G. Driscoll, Cleveland, OH.

### ORDER

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon the United States' Motion to Alter or Amend Judgment. This matter initially came before the Court on the Debtors' objection to the IRS' proof of claim. The issue before the Court, and upon which the Court entered judgment, was whether the IRS' claim for 1993 taxes should be allowed priority status pursuant to § 507(a)(8) of the Bankruptcy Code. This Court held that these taxes should not be given priority status. Shortly thereafter, the Court granted a motion by the Chapter 13 Trustee to dismiss the Debtors' Chapter 13 case.

The IRS filed its Motion to Alter or Amend Judgment before the expiration of the appeal period. In its Motion, the IRS urges this Court to vacate its earlier judgment concerning the priority status of the 1993 taxes, arguing that it will be barred by the doctrine of res judicata from relitigating its priority claim as to these 1993 taxes. Quoting *United States v. Munsingwear*, 340 U.S. 36, 38, 71 S.Ct. 104, 95 L.Ed. 36 (1950), the IRS argues that under the doctrine of res judicata, a judgment is binding in a subsequent suit between the same parties; and that even if the second suit is for a different cause of action, the right, question or fact once determined must, as between the same parties, be taken as conclusively established so long as the judgment in the first suit remains unmodified. The IRS also notes that it cannot presently appeal the judgment as to the Debtors' 1993 taxes because as a result of the dismissal of the Debtor's bankruptcy case, the issue has become moot.

"The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate

the judgment below[.]" *Id.* at 39, 71 S.Ct. 104. It therefore appears that it is appropriate to vacate this Court's July 2, 1998, Opinion and Judgment as moot.

Accordingly, it is

**ORDERED** that this Court's July 2, 1998, Opinion and Judgment be, and is hereby, *VACATED.*